UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW OLLISON,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:20-cv-00837-WQH-WVG<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

　　　Andrew Ollison ("Plaintiff"), formerly detained or imprisoned[1] at the San Diego Central Jail ("SDCJ") and George Bailey Detention Facility ("GBDF") in San Diego, California, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1 at 4-5. Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

---

[1] According to Plaintiff's Complaint and his Motion to Proceed In Forma Pauperis, he is currently out of custody and living in San Diego, California. *See* ECF No. 1 at 10; ECF No. 2 at 1.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he or she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

"Unlike other indigent litigants, prisoners proceeding *in forma pauperis* must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(1); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002)). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

However, persons who file suit *after* having been released from custody are no longer "prisoners" as defined by the PLRA, and are therefore not subject to 28 U.S.C. § 1915(b), 42 U.S.C. § 1997e(a)'s pre-suit administrative exhaustion requirements, or 28 U.S.C. § 1915(g)'s "three-strikes" provision. *See Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (person confined under California's Sexually Violent Predator Law, while a "a 'prisoner' within the meaning of the PLRA when he served time for his conviction, [ ] ceased being a 'prisoner' when he was released from the custody of the Department of Corrections"); *Jackson v. Fong*, 870 F.3d 928, 934-35 (9th Cir. 2017) (former prisoner incarcerated when he filed his civil rights action but released by the time he filed an amended complaint was not subject to the PLRA's exhaustion requirement); *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011) (noting that § 1915(g)'s

three-strikes rule does not apply to a civil action of appeal filed after former prisoner was released on parole).

Plaintiff does not appear to have been a "prisoner" as defined by the PLRA at the time he filed this action; therefore, neither the filing fee provisions of 28 U.S.C. § 1915(b), nor § 1915(g)'s "three strikes" bar apply to this case. *See Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005) ("[T]he scope of § 1915 is narrowed to plaintiffs who are in custody as the result of a conviction or who have been detained for an alleged criminal law violation . . . ."), *as amended*; *Moore*, 657 F.3d at 892.

Accordingly, the Court has reviewed Plaintiff's current affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status, finds it is sufficient to show that he is unable to pay the fees or post securities required to maintain this action, and **GRANTS** his Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

## II.     Screening Pursuant to 28 U.S.C. § 1915(e)(2)

### A.     Standard of Review

Because Plaintiff is proceeding IFP, Plaintiff's Complaint is still subject to sua sponte review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted" (emphasis omitted) (quoting 28 U.S.C. § 1915(e)(2)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Plaintiff's Allegations

Plaintiff's Complaint names the County of San Diego, Sheriff William D. Gore, Captain Buchanan, and Deputy John Doe 1 as Defendants. *See* Compl., ECF No. 1 at 2.

On or about April 25, 2020, Deputy Doe checked Plaintiff's temperature, which read 100 degrees Fahrenheit. *Id.* at 3. When Plaintiff requested "medical help in these COVID-19, dangerous times," deputies told him to "just drink some water and go to sleep." *Id.* As a result, Plaintiff suffered "unnecessary wanton pain." *Id.* Plaintiff does not say whether these events occurred at SDCJ or GBDF, and he does not claim to have actually contracted COVID-19 while in custody. Plaintiff seeks $1 million is damages against Sheriff Gore and Captain Buchanan for having "show[n] deliberate indifference" to his "serious medical needs." *Id.*

### C. 42 U.S.C. § 1983

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (citation omitted). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

/ / /

/ / /

### D. Discussion

#### 1. Supervisor Liability

Plaintiff claims that Sheriff Gore and Captain Buchanan both acted "under the laws of California" and "showed deliberate indifference to [his] serious medical needs." *See* Compl., ECF No. 1 at 2-3. He includes no further factual allegations describing Gore's or Buchanan's individual acts or omissions. Such broad and generalized allegations fail to show how, or to what extent, Gore and Buchanan may be held individually liable for any constitutional injury. *See Iqbal*, 556 U.S. at 676-77; *Jones v. Comm'ty Redev. Agency of L.A.*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim). As pleaded, it appears Plaintiff seeks to hold Gore and Buchanan liable for the acts of subordinates. But "vicarious liability is inapplicable to . . . § 1983 suits." *Iqbal*, 556 U.S. at 676. Instead, "Plaintiff must plead that each Government-official defendant, through [his] own individual actions, has violated the Constitution" in order to plead a plausible claim for relief. *Id.*; *see also Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (supervisor may be held liable under §1983 only if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation") (citations and internal quotation marks omitted); *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979) (when a named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged); *Victoria v. City of San Diego*, 326 F. Supp. 3d 1003, 1013 (S.D. Cal. 2018) ("Liability under § 1983 arises only upon a showing of personal participation by the defendant.").

#### 2. Liability of the County of San Diego

Plaintiff's claims against the County of San Diego are also insufficient. In order to establish a county's liability pursuant to 42 U.S.C. § 1983, "[a] plaintiff[] must show that the challenged conditions were part of a policy, custom or practice officially adopted by defendants." *Upshaw v. Alameda Cty.*, 377 F. Supp. 3d 1027, 1032 (N.D. Cal. March 27, 3019) (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978)). A plaintiff

must also allege that "the policy or custom "evince[s] a 'deliberate indifference' to the constitutional right and [is] the 'moving force behind the constitutional violation.'" *Id.*, (citing *Rivera v. Cty. of L.A.*, 745 F.3d 384, 389 (9th Cir. 2014)). "Mere negligence or accident" are not sufficient. *Kingsley v. Hendrickson*, 576 U.S. 389, 395 (2015). Here, Plaintiff fails to allege that any staff at SDCJ or GBDF acted pursuant to a county policy or custom. Therefore, Plaintiff fails to state a claim upon which relief may be granted pursuant to § 1983 as to the County of San Diego.

### 3. Inadequate Medical Care Claims

"Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause." *Castro v. Cty. of L.A.*, 833 F.3d 1060, 1067-68 (9th Cir. 2016). Under either Amendment, Plaintiff must allege facts sufficient to show that Defendants acted with "deliberate indifference" in order to state a plausible claim for relief. *Id.* at 1068; *Iqbal*, 556 U.S. at 678; *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). While Plaintiff invokes the "Cruel and Unusual Punishments" Clause, it is unclear whether he was a pretrial detainee or a convicted prisoner at the time he claims to have been denied medical care. *See* Compl., ECF No. 1 at 2-3. Therefore, the Court will analyze his claim under both Eighth and Fourteenth Amendment standards.

First, where a prisoner's constitutional claim is one for inadequate medical care, under the Eighth Amendment, he must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The plaintiff must first establish a "serious medical need by demonstrating that [the] failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett,* 439 F.3d at 1096 (citation omitted). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991)

(quoting *Estelle*, 429 U.S. at 104), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

Next, Plaintiff must show that the defendant's response to his objectively serious medical need was deliberately indifferent. *Jett*, 439 F.3d at 1096. To establish deliberate indifference, a prisoner must allege facts to show: (1) a purposeful act or failure to respond to the prisoner's pain or possible medical need; and (2) harm caused by the indifference. *Id.* "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 828, 837 (1994)). "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." *Id.* (quoting *Gibson v. Cty. of Washoe, Nev.*, 290 F.3d 1175, 1188 (9th Cir. 2002).

In this case, Plaintiff merely states that he was running a fever and that deputies told him "to just drink some water and go to sleep." *See* Compl., ECF No. 1 at 3. Without more, Plaintiff fails to allege facts sufficient to meet the Eighth Amendment's objective requirements. *See Jett*, 439 F.3d at 1096 (a medical need is serious when the failure to treat it could result in significant injury or the unnecessary and wanton infliction of pain). In addition, Plaintiff does not allege any facts to show that Deputy Doe or any other SDCJ or GBDF staff "kn[e]w of and disregard[ed] an excessive risk to [his] health or safety." *Farmer*, 511 U.S. at 837; *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). Therefore, the Complaint as currently alleged lacks the "further factual enhancement" required to plausibly show that Deputy Doe's "purposeful act[s] or failure[s] to respond to [Plaintiff's] . . . medical need," or any "harm caused by [this] indifference." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d

at 1096). Instead, Plaintiff offers only the type of "labels and conclusions" or "a formulaic recitation of the elements of a[n] [Eighth Amendment] cause of action [that] will not do." *Iqbal*, 662 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To the extent Plaintiff's medical care claims may instead arise under the Fourteenth Amendment's Due Process Clause, they "must be evaluated under an objective deliberate indifference standard." *Gordon*, 888 F.3d at 1125 (citing *Castro v. Cty. of L.A.*, 833 F.3d 1060, 1070 (9th Cir. 2016)). Under this test, "the plaintiff must 'prove more than negligence but less than subjective intent - something akin to reckless disregard.'" *Id.* To sustain such a claim, Plaintiff must allege facts sufficient to show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.*

Although Plaintiff claims that he had a low-grade fever and was told to drink some water and sleep it off, these facts alone are sufficient to plausibly suggest he faced any "substantial risk of serious harm," that "a reasonable officer in the circumstances would have appreciated the high degree of risk involved," or that Deputy Doe's failure to abate any "substantial risk" caused him any injury whatsoever. *Castro*, 833 F.3d at 1071.

For all these reasons, the Court finds Plaintiff's Complaint fails to state a claim upon which § 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Lopez*, 203 F.3d at 1126-27.

### III. Conclusion and Order

Based on the foregoing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DISMISSES** Plaintiff's Complaint in its entirety for failing to state a claim

upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

     3.    **GRANTS** Plaintiff 45 days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: August 13, 2020

*[signature]*
Hon. William Q. Hayes
United States District Court